IN THE THIRTY-THIRD JUDICIAL CIRCUIT COURT
SCOTT COUNTY, MISSOURI

| | |
|---|---|
| TROY and SANDRA LAWLESS, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 09SO-CV01449 |
| EMERSON RADIO CORPORATION, | ) |
| and | ) |
| WAL-MART STORES, INC., | ) |
| and | ) |
| FUNAI CORPORATION, INC., | ) |
| Defendants. | ) |

**PLAINTIFFS' THIRD AMENDED PETITION - PROPERTY DAMAGE**

**COME NOW** Plaintiffs, by and through counsel, as and for their Third Amended Petition for Property Damage, and state as follows:

**GENERAL ALLEGATIONS**

1. Plaintiffs, Troy and Sandra Lawless (collectively referred to as "Plaintiffs"), at all times relevant, were the owners of a home located at 128 County Highway 430, Oran, Missouri, located in Scott County, Missouri ("Subject Property").

2. Defendant Emerson Radio Corporation ("Defendant Emerson") is a Delaware corporation whose principal place of business is the State of New York, and its registered agent is located in the City of Wilmington, Delaware. At all material times herein, Defendant Emerson manufactured/designed a television identified by model number CR202EM8 ("Subject TV") that was located at the Subject Property that is the subject of this pending lawsuit.

EXHIBIT A

3. Defendant WAL-MART STORES, INC. ("Defendant Wal-Mart") is a Delaware corporation whose principal place of business is in Bentonville, Arkansas and a foreign corporation authorized to conduct business in the state of Missouri. At all material times herein, Defendant Wal-Mart designed, manufactured, distributed and sold the Subject TV that was located at the Subject Property that is the subject of this pending lawsuit.

4. Defendant FUNAI Corporation ("Defendant Funai") is a United States based subsidiary of Funai Electric Co., Ltd., and is a corporation whose principal place of business is in Torrance, California, a foreign corporation authorized to conduct business in the state of Missouri. At all material times herein, Defendant Funai manufactured/designed a television identified by model number CR202EM8 ("Subject TV") that was located at the Subject Property that is the subject of this pending lawsuit.

5. On or about March 10, 2008, the Subject TV malfunctioned and caught on fire at the Subject Property, causing significant property damages throughout.

6. Plaintiffs sustained significant damage to the Subject Property as a result of the subject fire, in excess of $25,000, as a direct and proximate result of the defective and unreasonably dangerous Subject TV.

7. Venue is proper with this Court.

### COUNT I - STRICT LIABILITY – DEFENDANT EMERSON

8. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 7 of the General Allegations as if fully set forth here.

9. The Subject TV was designed, assembled, installed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Emerson, and was expected

to and did reach Plaintiffs without substantial change in the condition in which it was designed, assembled, installed, manufactured, sold and distributed to Plaintiffs.

10. The Subject TV was then in a defective condition and susceptible to fire, which rendered it unreasonably dangerous when put to a reasonably anticipated use, in that the Subject TV was designed, assembled, installed, manufactured, sold and otherwise distributed by Defendant Emerson in a defective condition, and Defendant Emerson failed to have any devices to prevent defects such as the type which caused the dangerous condition or situation wherein significant fire damage would be likely and inevitable.

11. The Subject TV was used in a manner reasonably anticipated.

12. Plaintiffs were damaged as a direct and proximate result of such defective and unreasonably dangerous condition as existed when the Subject TV was designed, assembled, installed, manufactured, sold and distributed when on March 10, 2008, the Subject TV caught on fire and spread throughout the Subject Property, causing damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II - STRICT LIABILITY – DEFENDANT WAL-MART

13. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 12 of Count I as if fully set forth here.

14. The Subject TV was designed, assembled, installed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Wal-Mart, and was

expected to and did reach Plaintiffs without substantial change in the condition in which it was designed, assembled, installed, manufactured, sold and distributed to Plaintiffs.

15. The Subject TV was then in a defective condition and susceptible to fire, which rendered it unreasonably dangerous when put to a reasonably anticipated use, in that the Subject TV was designed, assembled, installed, manufactured, sold and otherwise distributed by Defendant Wal-Mart in a defective condition, and Defendant Wal-Mart failed to have any devices to prevent defects such as the type which caused the dangerous condition or situation wherein significant fire damage would be likely and inevitable.

16. The Subject TV was used in a manner reasonably anticipated.

17. Plaintiffs were damaged as a direct and proximate result of such defective and unreasonably dangerous condition as existed when the Subject TV was designed, assembled, installed, manufactured, sold and distributed when on March 10, 2008, the Subject TV caught on fire and spread throughout the Subject Property, causing damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT III - STRICT LIABILITY – DEFENDANT FUNAI CORPORATION

18. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 17 of Counts I and II as if fully set forth here.

19. The Subject TV was designed, assembled, installed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Funai, and was expected to

and did reach Plaintiffs without substantial change in the condition in which it was designed, assembled, installed, manufactured, sold and distributed to Plaintiffs.

20. The Subject TV was then in a defective condition and susceptible to fire, which rendered it unreasonably dangerous when put to a reasonably anticipated use, in that the Subject TV was designed, assembled, installed, manufactured, sold and otherwise distributed by Defendant Funai in a defective condition, and Defendant Funai failed to have any devices to prevent defects such as the type which caused the dangerous condition or situation wherein significant fire damage would be likely and inevitable.

21. The Subject TV was used in a manner reasonably anticipated.

22. Plaintiffs were damaged as a direct and proximate result of such defective and unreasonably dangerous condition as existed when the Subject TV was designed, assembled, installed, manufactured, sold and distributed when on March 10, 2008, the Subject TV caught on fire and spread throughout the Subject Property, causing damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT IV – NEGLIGENCE – DEFENDANT EMERSON

23. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 22 of Counts I, II, and III as if fully set forth here.

24. Defendant Emerson designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce the Subject TV to Plaintiffs.

25. Defendant Emerson, individually and through the acts of its actual and apparent agents, was negligent in the sale, design, assembly, distribution and/or manufacturing of the Subject TV that was sold to Plaintiffs in the following respects:

- a) By negligently and recklessly designing, selling, manufacturing, distributing and assembling the Subject TV so as to allow the manufacture of the TV by Defendant Emerson as defective;

- b) By knowing the design on other TVs was defective and not designing TVs that were not susceptible to fire and causing significant fire damage;

- c) By carelessly and negligently failing to inform Plaintiffs of said problems with the TVs, including the Subject TV;

- d) By negligently designing the TVs, including the Subject TV; and

- e) By negligently failing to warn Plaintiffs of the defective design of the Subject TV.

26. Defendant Emerson failed to use ordinary care in the manufacture, design, sale and distribution of the Subject TV to be reasonably safe for use and/or failed to warn Plaintiffs of the risk of harm from the defective TVs.

27. As a direct and proximate result of Defendant Emerson's negligence, Plaintiffs suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT V – NEGLIGENCE – DEFENDANT WAL-MART

28. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 27 of Counts I, II, III, and IV as if fully set forth here.

29. Defendant Wal-Mart designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce the Subject TV to Plaintiffs.

30. Defendant Wal-Mart, individually and through the acts of its actual and apparent agents, was negligent in the sale, design, assembly, distribution and/or manufacturing of the Subject TV that was sold to Plaintiffs in the following respects:

    a) By negligently and recklessly designing, selling, manufacturing, distributing and assembling the Subject TV so as to allow the manufacture of the TV by Defendant Wal-Mart as defective;

    b) By knowing the design on other TVs was defective and not designing TVs that were not susceptible to fire and causing significant fire damage;

    c) By carelessly and negligently failing to inform Plaintiffs of said problems with the TVs, including the Subject TV;

    d) By negligently designing the TVs, including the Subject TV; and

    e) By negligently failing to warn Plaintiffs of the defective design of the Subject TV.

31. Defendant Wal-Mart failed to use ordinary care in the manufacture, design, sale and distribution of the Subject TV to be reasonably safe for use and/or failed to warn Plaintiffs of the risk of harm from the defective TVs.

32. As a direct and proximate result of Defendant Wal-Mart's negligence, Plaintiffs suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT VI – NEGLIGENCE – DEFENDANT FUNAI

33. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 32 of Counts I, II, III, IV and V.

34. Defendant Funai designed, manufactured, sold, assembled, distributed and introduced into the stream of commerce the Subject TV to Plaintiffs.

35. Defendant Funai, individually and through the acts of its actual and apparent agents, was negligent in the sale, design, assembly, distribution and/or manufacturing of the Subject TV that was sold to Plaintiffs in the following respects:

   a) By negligently and recklessly designing, selling, manufacturing, distributing and assembling the Subject TV so as to allow the manufacture of the TV by Defendant Funai as defective;

   b) By knowing the design on other TVs was defective and not designing TVs that were not susceptible to fire and causing significant fire damage;

   c) By carelessly and negligently failing to inform Plaintiffs of said problems with the TVs, including the Subject TV;

   d) By negligently designing the TVs, including the Subject TV; and

   e) By negligently failing to warn Plaintiffs of the defective design of the Subject TV.

36. Defendant Funai failed to use ordinary care in the manufacture, design, sale and distribution of the Subject TV to be reasonably safe for use and/or failed to warn Plaintiffs of the risk of harm from the defective TVs.

37. As a direct and proximate result of Defendant Funai's negligence, Plaintiffs suffered damages in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees

8

and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT VII – BREACH OF EXPRESS WARRANTY – DEFENDANT EMERSON**

38. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 37 of Counts I, II, III, IV, V and VI as if fully set forth here.

39. Defendant Emerson designed, manufactured, assembled, installed, sold, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

40. Defendant Emerson represented to Plaintiffs that the Subject TV was in good working order and was fit for use as a television.

41. The aforesaid representations were material factors in inducing Plaintiffs to acquire the Subject TV.

42. The Subject TV did not conform to the aforesaid representations, in that, among other things, the Subject TV was designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce by Defendant Emerson as defective and was susceptible to fire.

43. Plaintiffs notified Defendant Emerson of said non-conformities.

44. As a result of Defendant Emerson's breach of the expressed warranties, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT VIII – BREACH OF EXPRESS WARRANTY – DEFENDANT WAL-MART

45. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 44 of Counts I, II, III, IV, V, VI and VII as if fully set forth here.

46. Defendant Wal-Mart designed, manufactured, assembled, installed, sold, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

47. Defendant Wal-Mart represented to Plaintiffs that the Subject TV was in good working order and was fit for use as a television.

48. The aforesaid representations were material factors in inducing Plaintiffs to acquire the Subject TV.

49. The Subject TV did not conform to the aforesaid representations, in that, among other things, the Subject TV was designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce by Defendant Wal-Mart as defective and was susceptible to fire.

50. Plaintiffs notified Defendant Wal-Mart of said non-conformities.

51. As a result of Defendant Wal-Mart's breach of the expressed warranties, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT IX – BREACH OF EXPRESS WARRANTY – DEFENDANT FUNAI

52. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 51 of Counts I, II, III, IV, V, VI, VII and VIII as if fully set forth here.

53. Defendant Funai designed, manufactured, assembled, installed, sold, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

54. Defendant Funai represented to Plaintiffs that the Subject TV was in good working order and was fit for use as a television.

55. The aforesaid representations were material factors in inducing Plaintiffs to acquire the Subject TV.

56. The Subject TV did not conform to the aforesaid representations, in that, among other things, the Subject TV was designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce by Defendant Funai as defective and was susceptible to fire.

57. Plaintiffs notified Defendant Funai of said non-conformities.

58. As a result of Defendant Funai's breach of the expressed warranties, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT X – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - DEFENDANT EMERSON

59. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 58 of Counts I, II, III, IV, V, VI, VII, VIII and IX as if fully set forth here.

60. Defendant Emerson designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs in the process of its usual and customary business.

61. When Defendant Emerson designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV, it was not fit for its ordinary purpose because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Emerson as defective and unreasonably dangerous and susceptible to fire, and Plaintiffs used the Subject TV for its ordinary purpose and gave Defendant Emerson notice that it was not fit for ordinary purposes.

62. As a result of the Subject TV not being fit for its ordinary purpose, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of $25,000.00, together with costs, attorneys' fees, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - DEFENDANT WAL-MART

63. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 62 of Counts I, II, III, IV, V, VI, VII, VIII, IX and X as if fully set forth here.

64. Defendant Wal-Mart designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs in the process of its usual and customary business.

65. When Defendant Wal-Mart designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV, it was not fit for its ordinary purpose because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Wal-Mart as defective and unreasonably dangerous and susceptible to fire, and Plaintiffs used the Subject TV for its ordinary purpose and gave Defendant Wal-Mart notice that it was not fit for ordinary purposes.

66. As a result of the Subject TV not being fit for its ordinary purpose, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of $25,000.00, together with costs, attorneys' fees, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

### COUNT XII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY - DEFENDANT FUNAI

67. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 66 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X and XI as if fully set forth here.

68. Defendant Funai designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs in the process of its usual and customary business.

69. When Defendant Funai designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV, it was not fit for its ordinary purpose because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Funai as defective and unreasonably dangerous and susceptible to fire, and Plaintiffs used the Subject TV for its ordinary purpose and gave Defendant Funai notice that it was not fit for ordinary purposes.

70. As a result of the Subject TV not being fit for its ordinary purpose, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of $25,000.00, together with costs, attorneys' fees, pre and post judgment interest, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XIII – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE - DEFENDANT EMERSON

71. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 70 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI and XII as if fully set forth here.

72. Defendant Emerson designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

73. Defendant Emerson knew or should have known that the use for which the Subject TV was purchased by Plaintiffs was for use as a television.

74. Plaintiffs reasonably relied on Defendant Emerson's judgment that the Subject TV was fit for such use.

75. When the Subject TV was sold to Plaintiffs it was not fit for such use because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Emerson as defective and was susceptible to fire and causing significant fire damage, and Plaintiffs notified Defendant Emerson of said defect.

76. As a direct result of the Subject TV being unfit for such use, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XIV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE - DEFENDANT WAL-MART

77. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 76 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII and XIII as if fully set forth here.

78. Defendant Wal-Mart designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

79. Defendant Wal-Mart knew or should have known that the use for which the Subject TV was purchased by Plaintiffs was for use as a television.

80. Plaintiffs reasonably relied on Defendant Wal-Mart's judgment that the Subject TV was fit for such use.

81. When the Subject TV was sold to Plaintiffs it was not fit for such use because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Wal-Mart as defective and was susceptible to fire and causing significant fire damage, and Plaintiffs notified Defendant Wal-Mart of said defect.

82. As a direct result of the Subject TV being unfit for such use, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE - DEFENDANT FUNAI

83. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 82 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII and XIV as if fully set forth here.

84. Defendant Funai designed, manufactured, sold, assembled, distributed, and introduced into the stream of commerce the Subject TV to Plaintiffs.

85. Defendant Funai knew or should have known that the use for which the Subject TV was purchased by Plaintiffs was for use as a television.

86. Plaintiffs reasonably relied on Defendant Funai's judgment that the Subject TV was fit for such use.

87. When the Subject TV was sold to Plaintiffs it was not fit for such use because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Funai as defective and was susceptible to fire and causing significant fire damage, and Plaintiffs notified Defendant Funai of said defect.

88. As a direct result of the Subject TV being unfit for such use, Plaintiffs were damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with costs, interest, attorney fees and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XVI – VIOLATION OF MAGNUSON-MOSS ACT - DEFENDANT EMERSON

89. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 88 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and XV as if fully set forth here.

90. The Subject TV is a consumer product in that it is tangible personal property used for personal purpose distributed in commerce.

91. Defendant Emerson is the warrantor of the Subject TV in that it is a supplier or other person who gives or offers to give a written warranty or an implied warranty.

92. Defendant Emerson did not meet the conditions of the implied or expressed warranty in that the Subject TV did not conform to the representation by Defendant Emerson that it was fit for use as a television because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Emerson as defective and was susceptible to catching fire and causing significant damages.

93. Plaintiffs notified Defendant Emerson of the defective condition of the Subject TV.

94. Because of Defendant Emerson's breach of the implied or expressed warranty, Plaintiffs were damaged in an amount in excess of $25,000.00, plus attorney's fees set forth in this action.

WHEREFORE, Plaintiffs pray for damages against Defendant Emerson in an amount in excess of $25,000.00, together with costs, pre and post judgment interest, attorneys' fees under the Magnuson-Moss Act and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XVII – VIOLATION OF MAGNUSON-MOSS ACT – DEFENDANT WAL-MART

95. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 94 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV and XVI as if fully set forth here.

96. The Subject TV is a consumer product in that it is tangible personal property used for personal purpose distributed in commerce.

97. Defendant Wal-Mart is the warrantor of the Subject TV in that it is a supplier or other person who gives or offers to give a written warranty or an implied warranty.

98. Defendant Wal-Mart did not meet the conditions of the implied or expressed warranty in that the Subject TV did not conform to the representation by Defendant Wal-Mart that it was fit for use as a television because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Wal-Mart as defective and was susceptible to catching fire and causing significant damages.

99. Plaintiffs notified Defendant Wal-Mart of the defective condition of the Subject TV.

100. Because of Defendant Wal-Mart's breach of the implied or expressed warranty, Plaintiffs were damaged in an amount in excess of $25,000.00, plus attorney's fees set forth in this action.

WHEREFORE, Plaintiffs pray for damages against Defendant Wal-Mart in an amount in excess of $25,000.00, together with costs, pre and post judgment interest, attorneys' fees under the Magnuson-Moss Act and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT XVIII – VIOLATION OF MAGNUSON-MOSS ACT - DEFENDANT FUNAI

101. Plaintiffs incorporate by reference the allegations contained within Paragraphs 1 through 100 of Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI and XVII as if fully set forth here.

102. The Subject TV is a consumer product in that it is tangible personal property used for personal purpose distributed in commerce.

103. Defendant Funai is the warrantor of the Subject TV in that it is a supplier or other person who gives or offers to give a written warranty or an implied warranty.

104. Defendant Funai did not meet the conditions of the implied or expressed warranty in that the Subject TV did not conform to the representation by Defendant Funai that it was fit for use as a television because the Subject TV was designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendant Funai as defective and was susceptible to catching fire and causing significant damages.

105. Plaintiffs notified Defendant Funai of the defective condition of the Subject TV.

106. Because of Defendant Funai's breach of the implied or expressed warranty, Plaintiffs were damaged in an amount in excess of $25,000.00, plus attorney's fees set forth in this action..

WHEREFORE, Plaintiffs pray for damages against Defendant Funai in an amount in excess of $25,000.00, together with costs, pre and post judgment interest, attorneys' fees under the Magnuson-Moss Act and for such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Richard D. Gerber
Richard D. Gerber #34384
EVANS & DIXON, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
(314) 621-7755
(314) 884-4501 (fax)
ATTORNEYS FOR PLAINTIFF
rgerber@evans-dixon.com

## CERTIFICATE OF SERVICE

The undersigned certifies a copy of the foregoing was sent via online filing this 3rd day of April, 2014 to:

Mr. Brian R. Plegge
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
Attorney for Defendants

/s/ Richard D. Gerber

2850800